IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISON

| | |
|---|---|
| TIANNA JONES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>  *Plaintiff*,<br><br>v.<br><br>GATEWAY HEALTH PLAN, INC.,<br><br>  *Defendants*. | Civil Action No. 2:19-CV-1059<br><br>Jury Trial Demanded<br><br>Complaint – Collective Action<br><br>Pursuant to 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tiana Jones ("Plaintiff") files this Collective Action Complaint ("Complaint") against Gateway Health Plan, Inc. ("Defendant"), and in support states the following:

**Background**

1.  Defendant is a subsidiary of Highmark Inc.

2.  Highmark Inc.'s website states the following:

Highmark Inc. and its health insurance subsidiaries and affiliates collectively are among the ten largest health insurers in the United States and comprise the fourth-largest Blue Cross and Blue Shield-affiliated organization. Highmark Inc. and affiliates operate health insurance plans in Pennsylvania, Delaware and West Virginia that serve 4.5 million members and hundreds of thousands of additional members through the BlueCard® program. Its diversified businesses serve group customer and individual needs across the United States through dental insurance, vision care and other related businesses. Highmark Inc. is an independent licensee of the Blue Cross and Blue Shield Association, an association of independent Blue Cross and Blue Shield companies.[1]

---

[1] https://www.highmark.com/hmk2/newsroom/2019/pr062719Visionworks.shtml (last visited August 12, 2019).

3. Defendant's website states the following:

> Gateway Health is a nationally-ranked managed care organization that focuses on providing the best possible healthcare to a growing number of Medicaid and Medicare Advantage consumers. A not-for-profit organization, Gateway Health serves the needs of at risk and vulnerable citizens with not only healthcare coverage, but services such as disease management, health and wellness programs and preventive care. The organization provides Medicaid services in Pennsylvania, Delaware, West Virginia and Arkansas, and Medicare coverage in Pennsylvania, Kentucky, Ohio and North Carolina.[2]

4. Defendant is a Pennsylvania state-licensed Health Maintenance Organization.

5. Defendant holds an accreditation as a Medicaid HMO from the National Committee for Quality Assurance.

6. Defendant's business consists of contracting with state (Medicaid) and federal (Medicare) agencies to operate government-sponsored health plans in exchange for a fixed monthly fee per health plan enrollee.[3]

7. Defendant has entered into contracts to provide managed care services on behalf of government-sponsored health plan customers in Pennsylvania, Delaware, West Virginia, Kentucky, Ohio and North Carolina.[4]

8. Neither Defendant nor its employees provide direct medical care to health plan enrollees.

---

[2] https://www.gatewayhealthplan.com/about-gateway-health/news/gateway-health-names-cain-hayes-as-president-and-ceo (last visited August 12, 2019)

[3] https://www.health.pa.gov/topics/Documents/Facilities%20and%20Licensing/1Q19.pdf (containing Pennsylvania Department of Health's Managed Care Report for first quarter of 2019 showing that Defendant received monthly fees for providing managed care services to 331,640 government sponsored enrollees in Pennsylvania during the first quarter of 2019).

[4] *See, e.g.* www.pagoppolicy.com/Display/SiteFiles/112/2018Hearings/medicaidreform/GatewayHealth-MedicaidManagedCareinPA.pdf (last visited August 12, 2019).

9. Instead, Defendant contracts with and pays direct patient care providers to provide healthcare services to Medicaid and/or Medicare health plan enrollees.

10. The managed care services provided by Defendant include utilization review and case management services to it health plan customers to attempt to reduce the costs of medical care.

11. Defendant employed Plaintiff and other individuals to perform case management and utilization review functions under various non-managerial job titles in their "Clinical Services" job family[5] that include one or more of the following terms or variations of those terms: (1) Case/Care Manager; (2) Care Coordinator; and (3) Utilization Review/Management[6] (collectively, "Managed Care Employees").

12. Defendant paid some or all of its Managed Care Employees on a salary basis.

13. Some or all of Defendant's Managed Care Employees regularly worked over 40 hours per week for Defendant.

14. Defendant classified some or all of its Managed Care Employees as exempt from state and federal overtime laws and did not pay them overtime pay for all time they worked over 40 hours in individual workweeks.

15. The case management and utilization review job functions primarily performed by Plaintiff and other Managed Care Employees consisted of non-exempt work, including collecting information to document insureds' medical circumstances, inputting medical information into

---

[5] https://careers.highmarkhealth.org/ (providing a "Career Area" dropdown box with over twenty job families, including Defendant's "Clinical Services" job family) (last visited August 12, 2019).

[6] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review).

Defendant's computer systems, applying well-established criteria and guidelines to maximize utilization of plan resources, coordinating care by performing ministerial tasks such as arranging appointments and referrals, providing health plan participants with additional resources and information about their health plan, or other similar work (collectively, "Managed Care Work").

16. Plaintiff brings this action on behalf of herself and other similarly situated Managed Care Employees who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

**The Parties**

17. Plaintiff worked for Defendant as a Managed Care Employee from January 2015 to April 2017.

18. Defendant's principal place of business is located in Pittsburgh, Pennsylvania, within this Judicial District.

**Jurisdiction and Venue**

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

20. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District and substantial activities took place in Pittsburgh, Pennsylvania related to Plaintiff's claim.

**Factual Allegations**

21. Plaintiff worked as a Managed Care Employee for Defendant.

22. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

23. During her employment with Defendant, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

24. During her employment with Defendant, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

25. During her employment with Defendant, Plaintiff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, or providing medical opinions on treatment and medication.

26. During her employment with Defendant, Defendant required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

27. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

28. Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

29. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

30. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

31. Defendant paid Plaintiff a salary.

32. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

33. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

34. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

35. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

36. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

37. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

**Collective Action Allegations**

38. Plaintiff brings her FLSA claims as a collective action.

39. Plaintiff's consent form to participate in this collective action as a Party Plaintiff is attached to this Complaint as Exhibit A.

40. The collective action is defined as follows:

All individuals employed by Defendant as Managed Care Employees in the last three years who were paid a salary and worked over 40 hours in at least one workweek in which they did not receive overtime for all overtime hours worked ("Collective Action Members").

41. Plaintiff is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

42. On information and belief, in the last three years, Defendant has employed at least 300 individuals who performed the same primary duties as Plaintiff.

43. During their employment, Collective Action Members were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

44. During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

45. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

46. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

47. The following are some of the questions of law and fact that are common to the Collective Action Members:

   a. Whether Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether Defendant improperly classified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA;

   c. Whether Plaintiff and the Collective Action Members worked more than forty (40) hours in one or more individual workweeks during the prior three years;

d. Whether Defendant failed to pay Plaintiff and the Collective Action Members overtime at one and one-half times their regular rates of pay when they worked more than forty (40) hours per week;

e. Whether Defendant's decision to classify Plaintiff and the Collective Action Members as exempt employees was made in good faith; and

f. Whether Defendant willfully violated the FLSA by classifying Plaintiff and the Collective Action Members as exempt employees.

48. Defendant maintained one or more common job descriptions for Managed Care Employees.

49. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

50. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

51. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

52. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

53. Plaintiff incorporates here the previous allegations of this Complaint.

54. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

55. Plaintiff was not exempt from the overtime provisions of the FLSA.

56. Collective Action Members were not exempt from the overtime provisions of the FLSA.

57. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

58. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

59. Defendant paid Plaintiff a salary.

60. Defendant did not pay Plaintiff one and one half times her regular rate for all time she worked over 40 hours in individual work weeks. Defendant paid other Collective Action Members a salary.

61. Defendant did not pay other Collective Action Members one and one half times their regular rate for all time they worked over 40 hours in individual work weeks.

62. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay for all time she worked over 40 hours in one or more individual workweeks.

63. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay for all time they worked over 40 hours in one or more individual workweeks.

64. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seek a judgment against Defendant as follows:

A. An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

C. Pre-judgment and post-judgment interest;

D. Liquidated damages equal to the unpaid overtime compensation due;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

                                                      Respectfully submitted,

                                                      */s/ Joshua P. Geist*
                                                      Joshua P. Geist

                                                      Pa.I.D. #85745
                                                      Goodrich & Geist, P.C
                                                      3634 California Avenue
                                                      Pittsburgh, PA  15212
                                                      412-766-1455
                                                      412-766-0300 (fax)
                                                      josh@goodrichandgeist.com

D<span>OUGLAS</span> M. W<span>ERMAN</span>*
M<span>AUREEN</span> A. S<span>ALAS</span>*
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

T<span>RAVIS</span> M. H<span>EDGPETH</span>*
Texas Bar No. 24074386
T<span>HE</span> H<span>EDGPETH</span> L<span>AW</span> F<span>IRM</span>, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

J<span>ACK</span> S<span>IEGEL</span>*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and Others Similarly Situated**