# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| TIANNA JONES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiff*,<br><br>v.<br><br>GATEWAY HEALTH PLAN, INC.,<br><br>    *Defendant*. | **Civil Action No. 2:19-cv-01059-CRE**<br>Collective Action (29 U.S.C. § 216(b))<br><br>Chief Magistrate Judge Eddy |

## ORDER

AND NOW, on this 4th day of December, 2019, upon consideration of the Parties' Stipulation and Motion For Conditional Certification and Court-Authorized Notice ("Motion"), and given the lenient standard for conditional certification under Section 216(b) of the Fair Labor Standards Act, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The following collective is conditionally certified solely for purpose of distributing notice of the lawsuit pursuant to 29 U.S.C. § 216(b):

    All individuals who worked for Gateway Health Plan, LP at any time between December 4, 2016 and the present in the job title Case Manager – LTC ("Putative Collective Members").

3. The Notice and Consent to Join Form submitted by the Parties as Exhibit A to their Motion is approved.

4. On or before **December 28, 2019**, Defendant will provide a third-party administrator ("TPA") a list, in exportable Microsoft Excel format, of the individuals Defendant employed at

any time between December 4, 2016 and the present in the job title Case Manager – LTC. The list will include for each individual the following information (if available): first and last name, last known mailing address, last known personal cellular telephone number, and last known personal email address.

5. On or before **January 9, 2020**, the TPA shall send the approved Notice and Consent to Join Form to the Putative Collective Members by first-class U.S. mail and email. To the extent personal email addresses are not available for certain Putative Collective Members, the TPA shall send those Putative Collective Members a text message including a link to the Notice and Consent to Join Form.

6. The subject line of any email shall read "Gateway Health Overtime Lawsuit." The email will include pdf attachments of the Notice of Collective Action Lawsuit and Consent to Join form, along with a link to view and sign the Notice and Consent to Join form in Docusign. The body of the email shall be limited to the following language: "You are receiving this email because you have been identified as a current or former exempt Case Manager LTC who worked in that position for Gateway Health Plan, LP at some time during the period from December 4, 2016 and the present. Please review the attached Notice of Collective Action Lawsuit for additional information. If you wish to sign a Consent to Join form and join the litigation as an opt-in plaintiff, please click here [insert hyperlink to Docusign page containing Notice and Consent to Join Form]. You can also join the lawsuit by filling out and signing the Consent to Join Form attached to this email and mailing, faxing, or emailing the completed form to:

Gateway Health Overtime Lawsuit
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602

[insert case email address]
Fax: (312) 419-1025."

7. Any text message shall be limited to the following language: "Gateway Health Overtime Lawsuit: Gateway Health Plan LP's records identified you as a current or former exempt Case Manager LTC. You are eligible to join a lawsuit for alleged unpaid overtime. Click below to view the court-approved Notice and Consent Form for additional information. If you wish to sign a Consent to Join form and join the litigation as an opt-in plaintiff, please click here [insert hyperlink to Docusign page containing Notice and Consent to Join Form]."

8. Putative Collective Members shall have until **March 9, 2020** to return a copy of the Consent to Join Form to Plaintiff's Counsel for filing (the Opt-in Period). This Opt-in Period is not a tolling agreement and has no impact on the limitations period in which each potential Putative Collective Member must file their Consent to Join Form.

9. For any mailed Notice and Consent to Join Form returned as undeliverable with a forwarding address, the TPA shall mail the court-approved Notice and Consent to Join Forms to the forwarding address provided. For any mailed Notice and Consent to Join Forms returned as undeliverable without a forwarding address, the TPA will conduct a search for the Putative Collective Member's most recent mailing address and, if found during the Opt-in Period, will mail the Notice and Consent to Join Form to the updated address.

10. Plaintiff shall pay the costs of the TPA, subject to claiming the costs as a reimbursable litigation expense.

11. Consent to Join Forms will be filed as they are received by Plaintiff's Counsel. All Consent to Join Forms received electronically during the Opt-in Period or that are postmarked during the Opt-in Period shall be deemed timely for filing purposes. Any Consent to Join Form must contain

the Putative Collective Member's signature (either handwritten or electronic) to be considered sufficient for the individual to opt-in to the lawsuit.

12. If any Putative Collective Member contacts the TPA to indicate they lost or need a replacement Notice and Consent to Join Form, the TPA may re-send the Notice and Consent to Join Form to the Putative Collective Member via any method requested. During the Opt-in Period, Plaintiff's counsel shall not contact Putative Collective Members who have not joined the lawsuit by means other than the Court-approved Notice to notify them of the litigation. Nothing herein, however, is intended to prevent Plaintiff's counsel from receiving and responding to unsolicited communications from Putative Collective Members.

13. By agreeing to the relief sought in this Motion, Defendant does not make any admission of wrongdoing or of the propriety of this case ultimately proceeding as an FLSA collective action. Nothing in this Order may be construed to prevent Defendant from later taking the position and arguing that Plaintiff and any Opt-in Plaintiffs are not similarly situated within the meaning of 29 U.S.C. § 216(b), and that the conditionally certified collective should be decertified.

**IT IS SO ORDERED.**

*Cynthia K. Eddy*

Cynthia Reed Eddy,
Chief United States Magistrate Judge